IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILMER GONZALO TIPAN CAMUENDO, | ) ) ) |
| Petitioner, | ) ) ) No.  25 CV 13573 |
| v. | ) ) Hon. Jeffrey I. Cummings |
| KIMBERLY BALL, Acting Facility Administrator,[1] | ) ) ) |
| Respondent. | ) ) |

### ORDER

Before the Court is Petitioner's petition for writ of habeas corpus, (Dckt. #2), in which he alleges his due process rights are bring violated by his continued detention following his recent arrest by U.S. Immigration and Customs Enforcement agents.  The Court has reviewed Respondent's response, (Dckt. #15)—in which Respondent simply relies upon the arguments made (and rejected) in a prior case before this Court, *Patel v. Crowley*, No. 25 C 11180—and Petitioner's reply, (Dckt. #16).

For the reasons set forth in detail in this Court's Opinion in *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D.Ill. Oct. 24, 2025), Petitioner's detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"). (Dckt. #1).[2]  Specifically, the Court finds that: (1) the Court has jurisdiction over the petition, *see id*. at **2–3; (2) the ripeness doctrine does not bar adjudication of the petition, *see id.* at **3–4; (3) Petitioner is detained under Section 1226(a) of the INA rather than Section 1225(b)(2), *see id*. at **4–9; and (4) Petitioner is not required to exhaust his administrative remedies because doing so would be futile, *see id*. at *9.

Moreover, the denial of an individualized custody determination based on the Government's improper application of the INA violates Petitioner's right to procedural due process.  *See Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *3 (N.D.Ill. Nov. 3, 2025)

---

[1] Respondent represents that petitioner has been transferred to the North Lake Correctional Facility in Baldwin, Michigan, which is under the purview of Kimberly Ball.  Because Ball is petitioner's immediate custodian, the Court substitutes her as Respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d).  Moreover, Respondent has confirmed that petitioner was in custody in Illinois when he filed his petition and, as such, "the Court may properly hear the petition regardless of his subsequent transfer."  *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D.Ill. Nov. 3, 2025).

[2] Although Petitioner did not raise the violation of the INA as a claim in his petition, the parties' subsequent briefs are mainly targeted at that issue.

("[T]he denial of bond based on *Yajure Hurtado* violates procedural due process."). To be clear, the Due Process Clause of the Fifth Amendment applies to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Government detention in immigration proceedings may violate that Clause unless 'in certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *3 (N.D.Ill. Oct. 31, 2025), *quoting Zadvydas*, 533 U.S. at 690. To determine whether a governmental decision violates the Due Process Clause, courts consider "the private interest that will be affected," "the risk of an erroneous deprivation of such interest through the procedures used," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, Petitioner undoubtedly has a private interest in his release from custody, Respondent's "actions create a substantial risk of depriving Petitioner of that interest, and the fiscal and administrative burdens to the Government are comparatively miniscule." *Valencia*, 2025 WL 3042520, at *3.

For all of these reasons, Petitioner's petition for writ of habeas corpus, (Dckt. #2) is granted as follows. Within five days of this order, Respondents must either: (1) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying—by clear and convincing evidence of dangerousness or flight risk—Petitioner's continued detention; or (2) release Petitioner from custody under reasonable conditions of supervision. The parties shall file a joint status report by 11/26/25 that updates the court on Petitioner's release status, including whether and when a bond hearing was held, and informs the court, in detail, the reasons for the Immigration Judge's decision. The 11/14/25 status hearing is stricken. Tracking status hearing set for 12/1/25 at 8:30 a.m. (to track the case only, no appearance is required).

**Date: November 13, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

2